FILED

JAN 1 3 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL R. ATRAQCHI and<br>IRENE S. ATRAQCHI<br>601 L St. S.E., #533<br>Washington, D.C. 20003<br><br>         Plaintiffs,<br><br>    vs.<br><br>UNKNOWN NAMED AGENTS OF THE<br>FEDERAL BUREAU OF INVESTIGATION<br>935 Penn. Avenue N.W.<br>Washington, D.C. 20535<br><br>    Serve:  Kenneth Wainstein<br>           U.S. Attorney For District<br>           Of Columbia<br>           555 4th St. N.W.<br>           Washington, D.C. 20001<br><br>ROBERT S. MUELLER<br>FBI Director<br>935 Penn. Avenue N.W.<br>Washington, D.C. 20535<br><br>    Serve:  Kenneth Wainstein<br>           U.S. Attorney For District<br>           Of Columbia<br>           555 4th St. N.W.<br>           Washington, D.C. 20001<br><br>THE FEDERAL BUREAU OF INVESTIGATION<br>AGENTS ASSOCIATION<br>935 Penn. Avenue N.W.<br>Washington, D.C. 20535<br><br>    Serve:  Kenneth Wainstein<br>           U.S. Attorney For District<br>           Of Columbia<br>           555 4th St. N.W.<br>           Washington, D.C. 20001 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.<br><br><br><br><br>**CIVIL RIGHTS VERIFIED**<br>**COMPLAINT**<br><br>JURY<br>ACTION |

CASE NUMBER   1:06CV00068

JUDGE: James Robertson

DECK TYPE: Civil Rights (non-employme

DATE STAMP: 01/13/2006

RECEIVED

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

LEONARD WILLIAM DOOREN III          )
10905 Ralston Rd.                             )
Rockville, Md. 20852-3529                  )
                                                       )
JOHN DOE, And Other Unnamed Parties  )
and as Special Agents and/or Employees  )
of the Federal Bureau of Investigation     )
                                                       )
              Defendants.                         )
                                                       )
                                                       )
-----------------------------------------------------------------

        Plaintiffs Michael R. Atraqchi and Irene S. Atraqchi, pro se, alleges, upon

personal knowledge as to themselves and their own acts, and upon information and

belief as to all other matters, as follows:


## NATURE OF THE CASE

1. This action is brought pursuant to *Bivens v. Six Unknown Named Agents of the*

*Federal Bureau of Narcotics,* 403 U.S. 388, (1971), to redress the deprivation by

defendants of rights secured to the Plaintiffs by the United States Constitution.

Defendants, both in their individual capacity as employees, either currently or formerly,

of the Federal Bureau of Investigation have engaged in a systematic, and a officially

sanctioned campaign of mis-information and dis-information designed to prevent the

named Plaintiffs from receiving a fair hearing on their claims for adjudication in case

*Atraqchi et al. vs. The George Washington Hospital, et al.,* no. 04ca006945, and

illegal wiretapping pursuant to 18 U.S.C.A. 2521. Furthermore, certain named

Defendants have failed to adequately supervise and control the conduct of employees

                                         2

and/or agents of the Federal Bureau of Investigation in direct contravention of statutory and regulatory requirements designed to preserve the impartiality of the Federal Bureau of Investigation (hereinafter referred to as "FBI") and to preserve the due process rights of the named Plaintiffs. The aforementioned actions have denied the named Plaintiffs their rights under the Federal Constitution under the Article II of the Constitution, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments thereto. In all cases hereunder, all named Defendants, at all times relevant herein, knowingly engaged in politically motivated conduct in direct violation of the Federal Bureau of Investigation Manual of Administrative Policy and Manual of Investigative Policy.

2. This is an action for declaratory and injunctive relief against the Defendants.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the action pursuant to Section 1331 of Title 28 of the United States Code, and has authority to grant the relief requested herein under the authority granted in *Dalton v. Specter*, 511 US 462, 472 (1994); *Malone v. Bowdoin*, 369 U.S. 643, 647 (1962).

4. Venue is properly lodged in this District pursuant to Sections 88 and 1391 (b)(2) of Title 28 of the United States Code since all substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within the District of Columbia, Washington, D.C, and the surrounding area.

## PARTIES

Plaintiffs:

5. During all times mentioned herein, Michael R. Atraqchi and Irene S. Atraqchi, are,

3

senior citizens, husband and wife, of good repute, residing in the District of Columbia, with an address of 601 L Street S.E., Apt. 533, Washington, D.C. 20003.

Defendants:

6. During all times relevant herein, individual defendants UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, ROBERT S. MUELLER, DIRECTOR OF FEDERAL BUREAU OF INVESTIGATION, THE FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, and JOHN DOE, were duly appointed agents and/or officers of the United States government, acting under color of the Constitution and the statutes, laws, charters, ordinances, rules, regulations and usages of the United States.

7. During all times relevant herein, Defendant THE FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION (hereinafter "FBIAA") is an organization consisting of approximately 11,300 current and former FBI agents and includes approximately seventy -five percent of current FBI agents. Its mission is to ensure that agents employed by the FBI are treated fairly and to assist them in carrying out their law enforcement duties in an effective manner and consistent with the highest standards of professional conduct. The organization was founded in the aftermath of a high politicized investigation in the late 1970s by the US Attorney General in which individual FBI agents who had followed directives issued by FBI Headquarters were targeted for investigation and prosecution. The agents formed the FBIAA to represent their interests in matters in which the Government refused for political or other reasons to advocate on behalf of the agents.

4

8. During all times relevant herein, Defendant LEONARD WILLIAM DOOREN III is, and at all times mentioned was an attorney, licensed to practice law in the District of Columbia, and resides at 10905 Ralston Rd., Rockville, Md.

9. The Plaintiffs sue all Defendants individually and officially.

10. This is an action for declaratory and injunctive relief against the Defendants

## STATEMENT OF THE FACTS

Background:

11. Michael R. Atraqchi and Irene S. Atraqchi are American citizens, husband and wife, who moved to the Washington, D.C area on or about 1992, to work and live in this area, after they have been harassed in the State of Montana and elsewhere in the United States ever since January 10, 1958, when Michael R. Atraqchi entered the United States through LaGuardia Airport, now J.F Kennedy Airport in New York City, to study and was subjected to the illegal wiretapping and electronical surveillances by the F.B.I. and certain Christian denominations, ever since that time to convert him to Christianity from being a Muslim and to use him to evangelize with in Iraq, his birth Country to convert Muslims and establish a Church from among the Muslim population.

12. On or about October, 1984, the Atraqchis filed their first civil action, against the F.B.I. and others for the illegal wiretapping of their telephone and bugging of their car and home, by the F.B.I. in the U.S. District Court for the District of Montana, at Missoula, Montana, and consequently their case was dismissed for failure to state a claim upon which relief could be granted.

5

13. On or about 1986, the Atraqchis sought and were granted asylum in Sweden, only to be returned back by the order of the United States of America's Government after three days in that Country, to face the same religious prosecution, harassment, intimidation, isolation, and ridicule.

14. The Atraqchis moved to the State of Minnesota from Montana to escape harassment, intimidation, and deprivation of their Constitutional rights in that State, and they became refugees in their own Country.

15. On or about 1990, the Atraqchis submitted another civil action under 18 U.S.C.A. 2520, to redress their grievances, in the United States District Court for the District of Minnesota, St. Paul, Minnesota, after they discovered a new field of interception of illegal wire communications and electronical surveillances, imposed upon them in the State of Minnesota. An erroneous judgment was issued against them when the Chief Judge dismissed their complaint for failure to state a claim upon which relief could be granted, which barred them from further action to remedy their grievances in that District, as well as the United States.

16. The Atraqchis moved to the District of Columbia to escape the harassment, intimidation, isolation and ridicule, in the State of Minnesota.

17. On or about June 1992, and upon a discovery of a new field of interception of illegal wire communications instituted against them, the Atraqchis filed their third suit in the U.S. District Court for the District of Columbia, Washington, D.C. seeking again to remedy their grievances, but their case was dismissed for failure to state a claim upon which relief could be granted, and they became victims to a wider conspiracy of illegal

6

wiretapping with no remedy available to them at law.

18. All of the above stated actions were appealed to the Appellant and U.S. Supreme Court, but to no avail, which left the Atraqchis helpless, with no remedy available to them at law, and resulted in the multiplicity of their case.

19. The Atraqchis have filed numerous law suits as a result of the multiplicity of their case, in the United States District Court for the District of Columbia, and in the Superior Court of the District of Columbia, in an attempt to remedy their grievances, and to stay alive, and were deprived from all economical opportunities, and thus, they exhausted all their savings, and became destitute and homeless, living on the streets of Washington, D.C., as a result thereof.

20. The Atraqchis lost all their real estate property for taxes in the State of Montana and in Iraq, and were deprived of any association with their children and families, deprived of any employment opportunity in the DC area due to illegal wiretapping and electronical surveillances, and thus they were unable to provide for themselves, lived on charity, until they attained the age of sixty-two and relied on their Social Security benefit, until the present.

21. On or about August 4, 2005, two Unknown Named Agents of the FBI by the names of Eric and Tim, and while clothed with the authority of the U.S. Government, marched into the Atraqchis' apartment unannounced, waving their badges in their hand, bypassing security, at the entrance of the building, and demanded to see Michael Atraqchi and questioned him whether he is a practicing Muslim, and accused him of being a terrorist, before his wife, who was standing at the door of their apartment, which caused the

7

Atraqchis great harassment, intimidation, isolation and will continue to do so in the future.

22. The Atraqchis were harassed, intimidated, and interrogated by the two FBI Agents, when they accused the Atraqchis of threatening to be terrorists and lawbreakers, should the Court dismiss their medical malpractice suit against GW Hospital and Clinic alleging an assassination attempt on the life of Michael Atraqchi while under anesthesia, which is now pending in the D.C. Superior Court, under docket number 04-0006945.

23. The above stated actions and false accusations were illegal, unfounded, and criminal, and tend to criminate the Atraqchis, in violation of their Statutory and Constitutional rights, since the Atraqchis are law abiding citizens of good repute.

24. The above stated acts, by the two F.B.I. Agents while communicating over their cellular phones with others, was done without a warrant, court order, and/or probable cause, and based upon information, and /or false affidavit, of the Defendant Leonard W. Dooren

25 Defendant Leonard W. Dooren, is the Defense Counsel of the medical provider in the Atraqchis civil suit stated above.

26. The Unknown Named Agents of the Federal Bureau of Investigation have indeed threatened the Atraqchis with shutting off their air conditioning, and of physical harm and death, should they proceed with their insistence to invoke Statute 18 U.S.C.A. 2521 to remedy their grievances, through their action pending in the D.C. Superior Court.

27. Moreover, the Unknown Named FBI agents demanded and ordered the Atraqchis not to use the phrase, "crimes against humanity," now and in any future filings with the

8

Court, in violation of their Constitutional and Statutory rights.

28. The above stated acts by the F.B.I and others caused the Plaintiffs great harassment, intimidation, isolation, shock to the nervous system, stress and duress, and will continue to do so in the future.

29. On or about August 19th, 2005, the Unknown Named Agents of the FBI made good on their threat to shut off the air conditioner in the Atraqchis' apartment, and landed the Atraqchis at Georgetown Hospital, for severe dehydration and other life threatening elements as a result thereof, which caused them great harassment, intimidation, isolation, shock to the nervous system, stress and duress, and will continue to do so in the future. See Emergency Hospital Medical Record report. Exhibit's A and B.

30. The Atraqchis are informed, believe, and allege and based upon said information and belief, that the Unknown Named Agents of F.B.I., The Federal Bureau of Investigation Agents Associations, and John Doe are and have been soliciting false affidavits from the general public, nationally and internationally, including family members, friends and all acquaintances, as well as strangers, since January 10, 1958, to illegally wiretap, isolate, criminate, blackmail, and control the Atraqchis.

31. Unknown Named Agents of F.B.I., FBIAA, and Doe have instituted a field of inception of illegal wire communications upon the Atraqchis, portraying them falsely as drab, prostitutes and unworthy of help, and disseminated said information gained falsely into the field of interception of illegal wire communications whereby heard by the general public, causing great harassment, intimidation, isolation, degradation, shock to the nervous system, stress and duress, and will continue do so in the future.

9

32.  The Atraqchis were made as a center to criminate others and incorporate them into the field of interception of illegal wire communications, in violation of the law and the U.S. Constitution.

33  The Atraqchis are informed, believe, and allege, and based upon said information and belief, that Mike Atraqchi has been the subject of an assassination attempt by a black male individual, unknown to them, athletic and muscular, to beat Mike Atraqchi to death on the streets of Washington, D.C., by the order of the  Unknown Named Agents of F.B.I., FBIAA, and  Doe, which has caused the Atraqchis great harassment, intimidation, isolation, shock to the nervous system, stress and duress and will continue to do so in the future

34. The Atraqchis are informed, believe, and allege and based upon said information and  belief, that Unknown Named Agents of F.B.I., FBIAA, and  Doe  prostituted the Atraqchis' two daughters, in  Billings and  Butte,  Montana, Deadwood, South Dakota, Los Angeles, California, and Henderson, Nevada, and used the proceeds from said prostitution, to convert other Muslims to this cult and to enrich themselves.

35. The above stated prostitution of the Atraqchis' two daughters is continuous until the present, to include the Atraqchis' granddaughter, who has been moved to Las Vegas, Nevada, from the State of Montana.

36.  The Unknown Agents, FBIAA, and Doe are forcing the Atraqchis' daughter to operate a brothel in Henderson, Nevada, and supplying her with prostitutes and customers.

37.  On or about 1986, the Unknown Named Agents of the FBI, ordered the execution by

10

a firing squad of the Atraqchis' two uncles in Baghdad, Iraq, to silence them and prevent

them from ever reaching the Court to testify for the Atraqchis for the prostitution and

breaking of their family, after the conspiracy of the illegal wiretapping become known,

and the families become outraged.

38. On or about 1991, an attempt was made to kill the Atraqchis' oldest daughter, when

she was injected by live streptococcus bacteria in Las Vegas, Nevada to silence her and

prevent her from ever reaching the Court and witness for the Atraqchis for the murder of

Mike Atraqchi's sister in Iraq.

39. The Atraqchis' oldest daughter is totally disabled as a result of the attempted

assassination, with a heart defect, which certainly will result in her premature death.

40. During the 1990's, the Atraqchis are informed, believe, and allege that the

Unknown Named Agents of the FBI, FBIAA and Doe, killed Mike Atraqchis two

brothers in Baghdad, Iraq, to prevent them from testifying in Court for the prostitution of

their daughter, and the destruction of their families, and the stealing of their real estate

properties.

41. On or about 1990, the Unknown Agents of the FBI, indeed injected Mike Atraqchi's

sister, with cacogenics drugs and caused her death to prevent her from testifying in Court

for the Atraqchis.

42. On or about 1996, the Atraqchis are informed, believe, and allege that Plaintiff Irene

Atraqchi's sister was killed by injecting her with a carcinogenic drug, and caused her

death from cancer, while denied medical treatment in Billings, Montana, to prevent her

from ever reaching the Court to testify for the prostitution of the Atraqchis' children and

11

the stealing of their property, and breaking of their family.

43. The Atraqchis are informed, believe, and allege, and based upon said information and belief, that the Unknown Named Agents of the FBI, FBIAA, and Doe have disseminated into the field of interception of illegal wire communications imposed upon the Atraqchis, falsely that they have incested their daughters, and granddaughter, as well as nieces and nephews, and Mike Atraqchi fathered their children, which caused great harassment, intimidation, isolation, ridicule , shock to the nervous system, stress and duress, and will continue to do so in the future.

44. The Atraqchis are informed, believe, and allege and based upon said information and belief, that FBI, FBIAA and Doe are destroying the Atraqchis credit report, when their identity was stolen and one thousand dollars was drawn on their name, and forcing the Atraqchis to pay the debt.

45.. On or about September 4, 2001, Defendant Robert Mueller was appointed as Director of the Federal Bureau of Investigation, and he continues in such capacity as of this date.

46. As Director of the Federal Bureau of Investigation, Defendant Mueller is responsible for maintaining the impartiality and ethical standards expected of and demanded from agents and employees of the F.B.I.

47. Despite such legal and ethical responsibilities, duties and obligations, Defendant Mueller has knowingly and intentionally permitted Defendants named and unknown to actively engage in conduct as enumerated herein, and in violation of the professional

12

standards demanded of, and expected from employees and agents of the F.B.I.

48. Furthermore, Defendant Mueller, while serving in his capacity as Director of the

Federal Bureau of Investigation, failed to enforce relevant provisions of the Manual of

Administrative Policy, and Manual of Investigative Policy, which specifically forbid

agent employees from engaging in the conduct enumerated herein.

49. Such actions of Defendant Mueller have denied the Plaintiffs their rights to

procedural due process in the course of their court proceedings and petition to the Court

to Invoke Statute 18 U.S.C.A. 2521.

50.. As stated previously, in paragraph 7, The Federal Bureau Of Investigation Agents

Association ( FBIAA ) is an advocacy organization founded in the late 1970s, allegedly

for the purpose of preserving the rights and interest of active and past FBI agents. Indeed,

on its own website (www.fbiaa.org), it lists as its accomplishments acts designed to

protect the interests of FBI agents regarding pay and benefits only (e.g. pay parity,

retirement, relocation benefits). No mention of political activity or advocacy is

contained therein.  See www.fbiaa.org/accomplishments/htm.

51. Significantly, however, the FBIAA has, among its website links, an address of  935

Penn. Avenue N.W., Washington, D.C. 20535  The website contains no identifying

information as to who runs, pays, organizes, plans, or executes it.

52.. Upon information and belief , along with other actions stated above through the

illegal wiretapping, the FBIAA have actively engaged in a converted campaign of

disinformation designed to prevent Plaintiffs from securing a fair and representative

hearings and the invoking of Statute 18 USCA 2521.

53. Defendant FBIAA has also caused to put undue influence on Courts including the
Superior Court of the District of Columbia to prevent the Plaintiffs, the Atraqchis, from
invoking Statute 18 U.S.C.A. 2521; and disseminated knowingly false and unsupported
accusations, against the Plaintiffs, designed solely to deny them the right to due process,
when the unknown agents marched into the Atraqchis' apartment, and demanded that
they stop their petition to invoke Statute 18 USCA 2521, or otherwise they will be
destroyed.

54. Upon information and belief at all times relevant herein, Defendant Doe was, and
still is, an agent and employee of the Federal Bureau of Investigation.

55. On or about dates known and unknown, Defendant Doe made numerous knowingly
false and unsupported accusations against the Plaintiffs designed solely to deny them the
right to due process both before the Court, and in petitions to invoke Statutes 18 U.S.C.A.
2521.

## DEMAND FOR JURY TRIAL

56. Plaintiffs hereby demands a trial by Jury.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs demand judgment as follows:

    A. For an order of the Court restraining the named Defendants, and all similarly

    situated from making and publishing false and malicious rumors, stories and

    innuendos solely designed to impede and frustrate Plaintiffs' due process rights;

14

innuendos solely designed to impede and frustrate Plaintiffs' due process
rights;

B.  For an order directing the current Director of the Federal Bureau of
Investigation to order all agents, employees, and officers of the FBI to
cease and desist from engaging in any political activity design to frustrate
and deny the Plaintiffs exercising their due process rights;

C.  For an order of the Court restraining the named Defendants from further
interfering in Plaintiffs' Court proceedings and requests to invoke Statute 18
U.S.C.A. 2521;

D.  For an order of the Court directing the Current Director of the Federal
Bureau of Investigation to order all agents, employees, and officers of the
FBI to comply with all applicable rules and regulations of the FBI precluding
interfering in Plaintiffs' Court proceedings and their requests to invoke Statute
18 U.S.A. 2521;

E.  Damages in the amount of $1,000,000.00 for the knowing dissemination of
false and misleading information by each named Defendant, both individually
and jointly;

F.  With respect to all Claims for Relief enumerated herein, as against all named
defendants, reasonable attorneys' fees, court costs, expenses and disbursements.

G.  To grant them the application of temporary injunction, to be followed by
permanent injunction, upon trial on the merits against all defendants;

H.  Invoke 18 U.S.C.A. 2521 to remedy the Plaintiffs' grievances;

15

I. And all such other relief as this Court shall deem just and proper.

Date: 12/14/05

Michael R. Atraqchi, Pro se

Irene S. Atraqchi, Pro se
601 L Street, S.E.-Apt 533
Washington, D.C. 2003
(202) 547-3746

DISTRICT OF COLUMBIA }
WASHINGTON, D.C.        }

Michael R. Atraqchi and Irene S. Atraqchi, being duly sworn says, we are the named
Plaintiffs in the action herein, we have read the annexed Complaint and know the
contents thereof and the same are true to our knowledge, except as to those matters herein
which are stated to be alleged upon information and belief, and as to those matters, we
believe them to be true.

Michael R. Atraqchi

Irene S. Atraqchi

This sworn and subscribed to before me on this _14th_ day of December, 2005.

Notary Public
YVONNE M. BRADY
Notary Public, District of Columbia
My Commission Expires July 14, 2006

(NOTARIAL SEAL)

16

**Atraqchi, Michael**



Georgetown
University
Hospital

*MedStar Health*

**EMERGENCY DEPT.
MEDICAL RECORD**

**CLINICAL III**

DOB: **06/19/1936**          A/S: **69M**

MRN: **1073536**     ACCT:     **7704270748**

Reg Date/Time:     **08/21/2005 11:52**

### DIAGNOSTIC STUDIES

| | | | |
|---|---|---|---|
| WBC 8.5 | 139 | 103 | GLU 143 |
| HCT 41.1/71.4 | Na | Cl | |
| | K | HCO3 | BUN 7 |
| PLT 202 | 4.0 | 28 | CR 0.8 |
| TN-1 _____ | CK-MB _____ | UHCG _____ | |
| UA | | | |

**Radiology**          □ EMD Reading

**ECG reading by EMD**

### DATA REVIEWED

- □ Old Records:
- □ Hx from other:
- □ Test d/w performing MD:
- □ Reviewed image:  XRAY  CT  US
- □ Case d/w: _____ @
- □ Case d/w: _____ @
- □ Case d/w: _____ @
- □ Consults: _____ @
- □ Critical care time=30-74 minutes (*circle if performed*)

### DISCHARGE INSTRUCTIONS

**Diagnosis:** Dehydration

**Co-Morbidity:**

**Follow-up** GTown ER or Primary MD

- □ You should be re-examined in _____ days, call as soon as possible for an appointment.
- ☑ If not improving after **3** days, call for the next available appointment.
- □ Additional follow-up _____
- □ For a referral to a GUH affiliate physician call Georgetown MD 202-342-2400

You were seen by Dr. Graham     202-444-2119

Work related? □ Yes ☑No

_____ Days full disability     _____ Days light duty

**GUH Clinics**

Internal Medicine Clinic .............. 202-444-8168
Surgical Clinic ...................... 202-444-4954
Orthopaedics Clinic................... 202-444-8766
OB / Gyn Clinic ..................... 202-444-8232
Pediatrics Clinic .................... 202-444-5437
Neurology Clinic ................... 202-444-8525

**Return to Emergency Department if:** fever chills, lightheadedness, nausea, other concerns

**Additional Instructions:** Drink plenty fluids. Keep cool with fans.

| | Prescription | # RX: | # To Go: |
|---|---|---|---|
| 1 | Clarinex 5mg tab one/day as needed | # RX: 60 | # To Go: |
| 2 | | # RX: | # To Go: |
| 3 | | # RX: | # To Go: |

**Instruction Sheets:**          **Pending Labs:**

I have read, understood and received a copy of
my disposition record and discharge instructions:     Patient's signature X _____

**06 0068**

### DISPOSITION          INITIALS          SIGNATURES

Time Out _____  □ Home □ Expired □ AMA □ AWOL □ LWBS

□ Mode of Transportation
   □ Car □ Taxi □ Bus □ Walk □ Ambulance

□ Accompanied     □ Unaccompanied

□ Admit     Rm _____ Service _____

Dr. _____
□ Transfer To _____

RN Signature _____          House Staff / Student Signature _____

**FILED**

JAN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Condition on Discharge:** ☑ Improved / stable / DETERIORATED / stable

Attending Physician Signature _____

Print Date/Time MR440.012 08/21/2005 11:54

EXHIBIT A



**Georgetown University Hospital**
*MedStar Health*

**EMERGENCY DEPT. MEDICAL RECORD**

**CLINICAL III**

**Atraqchi, Irene**

DOB: **05/14/1941**          A/S: **64F**

MRN: **5026436**     ACCT: **7704270755**

Reg Date/Time: **08/21/2005 11:53**

## DIAGNOSTIC STUDIES

WBC 6.4   136 | 103   GLU 88
HCT 39.3   Na | Cl
PLT 253   K 4.4 | HCO₃ 26   BUN 15
CR 0.9

TN-1 _____   CK-MB _____   UHCG ____
UA

Radiology          ☐ EMD Reading

ECG reading by EMD

## DATA REVIEWED

☐ Old Records:
☐ Hx from other:
☐ Test d/w performing MD:
☐ Reviewed image:   XRAY   CT   US
☐ Case d/w:                    @
☐ Case d/w:                    @
☐ Case d/w:                    @
☐ Consults:                    @
☐ Critical care time=30-74 minutes *(circle if performed)*

## DISCHARGE INSTRUCTIONS

Diagnosis: Dehydration, Heat Exhaustion UTI.

You were seen by Dr. Graham   202-444-2119
Work related? ☐ Yes ☑ No
_____ Days full disability   _____ Days light duty

Co-Morbidity:

Follow-up PMD _____

☐ You should be re-examined in _____ days, call as soon as possible for an appointment.
☑ If not improving after 2-3 days, call for the next available appointment.
☐ Additional follow-up _____
☐ For a referral to a GUH affiliate physician call Georgetown MD 202-342-2400

### GUH Clinics
Internal Medicine Clinic . . . . . . . . . . . . 202-444-8168
Surgical Clinic . . . . . . . . . . . . . . . . . . . . 202-444-4954
Orthopaedics Clinic . . . . . . . . . . . . . . . . 202-444-8766
OB / Gyn Clinic . . . . . . . . . . . . . . . . . . . 202-444-8232
Pediatrics Clinic . . . . . . . . . . . . . . . . . . 202-444-5437
Neurology Clinic . . . . . . . . . . . . . . . . . . 202-444-8525

Return to Emergency Department if: Chest Pain, Shortness of Breath, Fever or any other concerns.

Additional Instructions: Fluids more than 8 glasses per day. Water: Sports Drinks

| | Prescriptions | # RX: | # To Go: |
|---|---|---|---|
| 1 | Cipro 500mg 2x/day | | |
| 2 | | # RX: | # To Go: |
| 3 | | # RX: | # To Go: |

Instruction Sheets:                    Pending Labs:

I have read, understood and received a copy of my disposition record and discharge instructions:   Patient's signature X Irene Atraqchi

## DISPOSITION            INITIALS      SIGNATURES

Time Out 1445   ☑ Home ☐ Expired ☐ AMA ☐ AWOL ☐ LWBS
☐ Mode of Transportation
   ☐ Car ☐ Taxi ☐ Bus ☐ Walk ☐ Ambulance
☑ Accompanied ☐ Unaccompanied
☐ Admit   Rm _____ Service _____
Dr. _____
☐ Transfer To _____

Condition on Discharge: ☐ Improved / stable ☐ Unchanged / stable

RN Signature                    House Staff / Student Signature          Attending Physician Signature