**FILED**

JAN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. ATRAQCHI and
IRENE S. ATRAQCHI,

        Plaintiffs,

     v.

UNKNOWN NAMED AGENTS OF THE
FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.   **06 0068**

MEMORANDUM

Michael R. and Irene S. Atraqchi have lodged a "civil rights verified complaint" with this Court,

accompanied by a "motion requesting approval to file this complaint pursuant to Hon. Judge James

Robertson order." The order to which that motion refers, entered March 26, 2004, in Civil Action No. 04-

0473, denied a government motion for an order barring the Atraqchis from filing or prosecuting civil actions

without leave of court. The order did, however, warn the Atraqchis that "monetary sanctions will be

imposed if they continue to prosecute cases in this Court that violate Fed. R. Civ. P. 11(b)(1-4)."

An electronic query of the dockets of this Court returns twenty cases in which the Atraqchis have

been plaintiffs, some of them filed here, others removed to this court from the Superior Court of the District

of Columbia.* All have been dismissed. Each of the eight cases assigned to the undersigned judge (from

Civil Action No. 00-2143 on) has been triggered by some incident in the lives of the Atraqchis -- an

altercation with someone in a supermarket, or a disrespectful word from a bank clerk -- that, in the

unfortunate world view of the plaintiffs, was part of an intricate "field of interception of illegal wire

communications and electronical surveillances" that has been "imposed" on them ever since Michael R.

Atraqchi entered this country in 1958 and was subjected to wiretapping and surveillance "to convert him to

Christianity from being a Muslim and to use him . . . to convert Muslims and establish a [Christian] Church

from among the Muslim population."

The Atraqchis' most recent complaint asserts a <u>Bivens</u> claim against two "unknown named agents of the Federal Bureau of Investigation," the Director of the FBI, the FBI Agents Association, and a lawyer in Rockville who is apparently handling the defense of yet another Atraqchi suit, this one in Superior Court alleging an assassination attempt against Michael R. Atraqchi while under anesthesia in GW Hospital. The trigger for this suit was the alleged warrantless appearance in the Atraqchis' apartment in August 2005 of "two Unknown Named Agents of the FBI by the names of Eric and Tim," who accused Michael R. Atraqchi of being a terrorist and "threatened the Atraqchis with shutting off their air conditioning, and of physical harm and death" if they persisted in their Superior Court claim.

From there, the complaint spirals off, completely out of control, into allegations (inter alia) that Michael R. Atraqchi has been the subject of another assassination attempt; that the defendants "prostituted [the Atraqchis'] two daughters in Billings and Butte, Montana, Deadwood, South Dakota, Los Angeles, California, and Henderson, Nevada, and used the proceeds . . . to convert other Muslims . . . and to enrich themselves"; that the FBI agents ordered the execution by firing squad of two uncles in Baghdad, injected one of their daughters with "live streptococcus," killed Michael Atraqchi's two brothers in Iraq, and injected his sister and Irene Atraqchi's sister with carcinogenic drugs causing their deaths, to silence all of them; that the defendants disseminated "into the field of interception of illegal wire communications" that the Atraqchis have "incested their daughters, and granddaughter"; and that the defendants are destroying the Atraqchis' credit report.

The Atraqchis have not been forbidden from filing suit in this Court. It is clear from their affidavit of indigency, however, that they could not begin to pay the monetary sanctions that would certainly be imposed upon them under Rule 11 if this sadly delusional suit were permitted to go forward and the defendants were required to invest the time and money to defend it. The *in forma pauperis provisions* of 28 U.S.C. 1915 permit the dismissal of IFP cases found to be frivolous or malicious. I find no malice in the Atraqchis' complaint, only paranoia, but the suit is certainly frivolous. It will accordingly be filed, but immediately dismissed. An appropriate order accompanies this memorandum.

James Robertson
United States District Judge

Date: 1/12/06

* 92-1446, 98-2775, 99-0256, 99-0384, 99-0548, 99-0702, 99-0901, 99-0902, 99-1601, 99-2029, 00-1484, 00-2143, 00-2427, 03-0909, 03-0974, 03-1091, 04-0009, 04-0473, 04-1279.